UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTURO GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-213 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION ON
RESPONDENT'S MOTION TO DISMISS**

Petitioner Arturo Gonzales, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, it is respectfully recommended that Respondent's Motion to Dismiss (DE 12) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

**BACKGROUND**

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the Springfellow Unit in Rosharon, TX. On September 20, 2010, Petitioner pled guilty to a 25 year sentence for the aggravated sexual assault of child and concurrent 20 year sentences for indecency with a child. Petitioner did not appeal his convictions. On March 6, 2013, Petitioner filed an application for state habeas corpus relief which was denied on May 29, 2013, without written order on findings of the trial court without a hearing. Proceeding *pro se*, Petitioner then filed this habeas corpus

petition on July 9, 2013, pursuant to 28 U.S.C. §§ 2241 and 2254.  Petitioner alleges he received ineffective assistance from trial counsel because counsel failed to consult with him sufficiently, failed to adequately explain his case to him, misrepresented that two counts of indecency with a child would be dropped, and quit after his conviction leaving him without counsel to file a motions for a new trial or an appeal.  (DE 1).

On September 9, 2013, Respondent filed a Motion to Dismiss asserting Petitioner's complaint is time-barred.  (DE 12).  Petitioner failed to file a response in accordance with Local Rule 7.4.  However, the Court will consider the substance of the pending Motion as Petitioner is proceeding *pro se*.

## APPLICABLE LAW

### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2244.  The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period.  28

U.S.C. § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

As he did not file an appeal, Petitioner's conviction became final on October 20, 2010, which is the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. *Gonzalez v. Thaler*, 623 F.3d 222 (5th Cir. 2010); *see also Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); *see* Tex. R. App. Proc. 26.1 (West 2010). Therefore, Petitioner had one year, until October 20, 2011, to timely file a federal application for habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not execute the pending federal application until July 3, 2013, long after the limitations period expired. Petitioner's state application filed on March 6, 2013, did not operate to toll the limitations period because it was filed more than one year after his challenged conviction became final. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas relief prior to the end of the limitations period. Additionally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Plaintiff's claim is based upon evidence that was available to him at the time of sentencing or shortly thereafter. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as it is untimely by almost two years.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss (DE 12) be **GRANTED** and Petitioner's application for writ of habeas corpus be **DISMISSED** with prejudice as time-barred.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A District Court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find the issues presented are adequate to proceed. *Miller-*

*El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended the Court find the Petitioner is not entitled to a certificate of appealability.

ORDERED this 7th day of October, 2013.

                                                                                            Jason B. Libby
                                                                                   United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).